## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **NALETH VONGSENGCHANH,** | ) | **CASE NO. 7:12CV00444** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **By:  Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

Naleth Vongsengchanh, a federal inmate proceeding pro se, brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his detention on alleged parole violations.   Upon review of the record, the court concludes that petitioner's claims must be dismissed.

## I

Petitioner submitted his habeas corpus petition to the District of Columbia Superior Court in July 2012, where it was docketed on August 30, 2012, as a petition for a writ of habeas corpus under § 2241.[1]  Because petitioner was then detained in the Central Virginia Regional Jail ("CVRJ"), located in this judicial district, the D.C. Court transferred the case to this court on September 20, 2012.[2]  Petitioner named the United States as respondent, asserting that he was being illegally detained, based on allegations that he had violated parole conditions. Specifically, petitioner complained that (1) his parole had expired in October 2006, before the

---

[1]   Although petitioner set out his claims on a form designed for filing a motion to vacate, set aside or correct a federal criminal sentence under 28 U.S.C. § 2255, his claims do not challenge his federal criminal sentence.  The D.C. Court appropriately construed and docketed his submission as a § 2241 petition, without objection from petitioner.

[2]   The court notified petitioner that the electronic version of the petition transferred to this court was incomplete, and he submitted a copy of his original petition, which was docketed as an amended petition (ECF No. 7).

alleged violations of his release conditions; (2) he did not receive a prompt revocation hearing; and (3) it was unlawful for him to serve any more prison time for the alleged parole violations.

The court entered an order adding the superintendent of CVRJ as a respondent and requiring both respondents to answer the petition.  The superintendent filed a motion to dismiss, and the United States filed a motion to dismiss or in the alternative, motion for summary judgment, supported with an affidavit and pertinent records of petitioner's criminal and parole proceedings.  The court notified petitioner of respondents' motions as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned petitioner that judgment might be granted for the respondents if he did not respond to the motions by filing affidavits or other documents contradicting respondents' evidence or otherwise explaining his claims.  Petitioner never responded.  However, the time allotted for his response has expired, making the matter ripe for the court's consideration.

The facts relevant to petitioner's habeas claims are undisputed.  Petitioner was convicted on June 18, 1992, in the Superior Court of the District of Columbia, of assault with a dangerous weapon and voluntary manslaughter while armed.  For these convictions, the Court sentenced him to a total term of 54 to 162 months in prison.  Petitioner was first released on parole on June 18, 1998, with supervision scheduled to conclude on April 9, 2006.  The U.S. Parole Commission ("Commission") revoked petitioner's parole on April 19, 1999, and denied reparole.  On April 18, 2005, petitioner was released by operation of law, via expiration of his term of confinement with good time credit, with 550 days remaining to serve on his sentence.  He was scheduled to remain on supervision until October 20, 2006.

In March 2006, petitioner was charged with new felony drug offenses in Arlington, Virginia.  When he informed his parole officer, she allegedly told him that if he was not

convicted of the state charges before his parole expired on October 20, 2006, his parole would be terminated.  Petitioner pleaded guilty to the drug charges in 2007 and served the sentence of six years and one month imposed for those convictions, believing that he had fulfilled his parole obligations and could not be required to serve more prison time.

Meanwhile, the Commission had issued a warrant for petitioner's arrest on July 12, 2006, based on allegations that he had violated the conditions of his release, as evidenced by his arrest on June 1, 2006, for assault and robbery in Arlington and his testing positive for cocaine use. The Commission noted in an attached memo that if petitioner was already in the custody of state, federal, or local authorities when located, the U.S. Marshals Service ("USMS") should place a detainer rather than execute the warrant.

The USMS in Roanoke, Virginia, notified the Commission on May 9, 2012, that petitioner had been arrested at Augusta Correctional Center under the parole violation warrant on May 7, 2012, and was being detained at CVRJ in Orange, Virginia.  The Commission later learned of the Arlington drug charges and the intervening prison term petitioner had served. Petitioner was advised on August 16, 2012, that based on these intervening convictions, the Commission had found probable cause to believe that he had violated the conditions of his release and had ordered a parole revocation hearing.  That same day, the Commission also requested that petitioner be designated to a federal prison facility, where a revocation hearing could be conducted.

In November 2012, petitioner was transferred to the Federal Detention Center in Philadelphia, Pennsylvania, a facility where the Commission regularly conducts scheduled revocation hearing dockets.[3]  A hearing examiner from the Commission conducted petitioner's

---

[3]  Petitioner notified the court of the transfer by letter dated November 9, 2012, stating that he had been in transit since October 22, 2012.

revocation hearing on November 28, 2012.  As a result of the hearing, the Commission revoked

petitioner's mandatory release and ordered that he serve his sentence until its expiration.

Petitioner is currently confined at FCI Gilmer in Glenville, West Virginia.

## II

### A.  Improper Respondent

The § 2241 petition must be dismissed against the United States.  The proper respondent

in a habeas corpus action by an inmate who is physically confined is petitioner's "immediate

custodian"– the warden of the detention facility where petitioner is in custody.  See Rumsfeld v.

Padilla, 542 U.S. 426, 434-35, 446-47 (2004); Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir.

2011); 28 U.S.C. §§ 2242, 2243.  Thus, the proper respondent in this action is the superintendent

of CVRJ, who had physical custody of petitioner at the time he filed this action.[4]  For these

reasons, the court will grant the motion to dismiss the United States as a party.  Moreover, for

reasons stated, infra, the documents now in the record before the court demonstrate that

petitioner's claims against the superintendent are also without merit and must be dismissed.[5]

---

[4]  Although petitioner is now confined in West Virginia, this court retains jurisdiction over the
matter, because petitioner was confined in a facility in this district at the time he filed the petition.  See
United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004) (finding that jurisdiction is determined at the
time the petition is filed).  Petitioner's subsequent transfer to a prison in West Virginia does not defeat
this court's jurisdiction to decide his habeas claims.  Sweat v. White, 829 F.2d 1121, 1987 WL 44445, at
*1 (4th Cir. 1987) (Table) (per curiam) (citing Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888
(10th Cir. 1985)).

[5] The superintendent moves to dismiss the petition based on petitioner's allegations alone.
Because the court determines that petitioner's claims must be dismissed, based on records attached to the
United States' motion, however, the superintendent's motion to dismiss will be dismissed as moot.

## B.  Sentence Not Expired

Petitioner's claim that his parole had expired in October 2006 is without merit.  The issuance of a parole violation warrant "operates to bar the expiration of the parolee's sentence.  Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time."  28 C.F.R. § 2.98(e); see also Luck v. District of Columbia Parole Bd., 996 F.2d 372, 374 (D.C. Cir. 1993) (finding that issuance of parole warrant tolled parole status until further action taken).  Thus, the issuance of the violation warrant against petitioner on July 12, 2006 tolled the running of his original sentence, until he was arrested on that warrant in May 2012.  At that point, he began serving the remaining 550 days of his original sentence.  Moody v. Daggett, 429 U.S. 78, 84 (1976).  For these reasons, the court will dismiss petitioner's claim that he has served any prison time after the expiration of his sentence.

## C.  Parole Hearing Claim Mooted

Petitioner's due process claim regarding his revocation hearing must also be dismissed, as it is now moot.  Petitioner asserted that his being held in custody since May 2012 on the parole violation warrant without a parole revocation hearing violated his due process rights.  The petitioner achieved the relief sought on this claim when, in November 2012, the Commission conducted a parole hearing and revoked his release.  See, e.g., Thomas v. U.S. Parole Comm'n, Civ. A. No. 92-590(CRR), 1992 WL 193695, at *3 (D.D.C. 1992) (finding case moot where petitioner, who complained of delayed revocation hearing, had received fair hearing, the only remedy to which he was entitled).  Moreover, petitioner does not allege that the five-month delay

of the revocation hearing prejudiced his case in any respect.[6] See Moody v. Daggett, 429 U.S. 78, 89 (1976) (finding that where parolee admits to violation or is convicted of intervening offense, parole violation is established and prison record during delay may assist in deciding whether to reparole); Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975) (finding that where fact of parole violation is not in dispute, parolee was not prejudiced by delay in factual establishment of his violation of parole);  McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977) ("Delay per se does not constitute a violation of due process entitling an accused parole violator to immediate release where the parolee has finally been afforded the revocation hearing and the facts of the violation fairly adjudicated.").  The court will dismiss petitioner's claim that he did not receive a prompt revocation hearing.

### D.  Sentence Calculation

In his third claim, petitioner alleges that at the time of his arrest in May 2012, he had served his complete sentence on the D.C. convictions and could not be given any more jail time for the parole violations.  This assertion has no basis in fact.  As already indicated, the issuance of the parole violation warrant tolled the expiration of petitioner's sentence.  28 C.F.R. § 2.98(e).  Accordingly, the court will dismiss this claim as without merit.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER:  This 2nd day of April, 2013.


_____/s/  Glen E. Conrad_____
Chief United States District Judge

---

[6]  Petitioner does not raise a claim that his rights were violated by the Commission's six-year delay in executing the July 2006 arrest warrant for alleged parole violations.  His allegations offer no support for such a claim, in any event, because he fails to allege prejudice arising from this delay.  See Gaddy, 519 F.2d at 677.